UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR., | No. 2:16-cv-2872 AC P |
| Plaintiff, | |
| v. | ORDER and |
| KAMALA D. HARRIS, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state prisoner at California State Prison-Sacramento who proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983, and a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On July 28, 2011, this court found that plaintiff qualifies as a "three strikes litigant" under 28 U.S.C. § 1915(g). See Case No. 2:11-cv-01700 WBS KJN P (E.D. Cal.), ECF Nos. 5, 11.[1] Such designation precludes in forma pauperis status to a prisoner who has brought three or more prior actions that were dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner demonstrates that he was "under imminent danger of serious physical injury" when he

---

[1] This court may take judicial notice of its own records. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1

1    commenced the new action.  See 28 U.S.C. § 1915(g).²

2    For the reasons explained below, the court finds that plaintiff has failed to demonstrate
that he was under imminent danger of serious physical injury when he filed the instant complaint
on December 6, 2016.  Moreover, and more broadly, the court finds plaintiff's allegations
frivolous and recommends that this action be dismissed with prejudice.

This court is required to screen complaints brought by prisoners seeking relief against a
governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
Prison Litigation Reform Act requires dismissal of a prisoner complaint or portion thereof if it
asserts claims that are legally "frivolous or malicious," fail to state a claim upon which relief may
be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
§ 1915A(b)(1), (2).

The imminent danger exception to the three-strikes rule applies only if it is clear that the
danger existed when the complaint was filed.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th
Cir. 2007).  The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th
Cir. 2003), and must be ongoing, Andrews, 493 F.3d at 1056.  Allegations of imminent danger
that are overly speculative or fanciful may be rejected.  Id. at 1057 n.11.

The instant complaint names as the sole defendant former California Attorney General
Kamala Harris (AG).  Relying, inter alia, on the federal Civil Rights of Institutionalized Persons
Act (CRIPA), 42 U.S.C. § 1997 et seq.,³ plaintiff contends that the AG has repeatedly ignored his

---

² 28 U.S.C. 1915(g) provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

³ CRIPA provides in pertinent part at 42 U.S.C § 1997a(a):
> Whenever the Attorney General has reasonable cause to believe that any State . . . is subjecting persons residing in or confined to an institution . . . to egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment

efforts to inform her, both directly and through court filings, that plaintiff is being subjected to a conspiracy to deprive him of his intellectual property, and that the AG "is apart (sic) of [the] conspiracy to steal all plaintiff's rights." ECF No. 1 at 3.  Plaintiff alleges that he has become "an 'involuntary slave,' as TV networks lift intellectual property from the petitioner's cell utilizing satellites." Id. at 1.  He explains that "[t]he satellite organization has been stealing the petitioner's intellectual property since the year 2007 . . . petitioner is being robbed for multiple billions of dollars by the music industry, the police departments, the banks also, who have lifted 'trade secrets' as well." Id. at 7.  He explains that false promises and representations transmitted through the TV caused plaintiff "to create over 3,000 songs (lyrics) in a 3-year time period from 2007 to 2010 . . . making promises to assist the plaintiff in obtaining a retrial in his case-in-chief which was never honored after the petitioner wrote or created all that intellectual property." Id. at 10.  Plaintiff seeks punitive damages against the AG in the amount of 5 million dollars, a court order directing the AG to "launch an investigation into the allegations within [this] lawsuit," and appointment of counsel to assist plaintiff in this litigation. Id. at 12.

The undersigned finds plaintiff's alleged facts fanciful, and that they fail to state a potentially cognizable legal claim.  A claim is legally frivolous when it lacks an arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (authorizing dismissal of claims premised on clearly baseless factual contentions or indisputably meritless legal theories); accord, Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Moreover, the California Attorney General is absolutely immune for Section 1983 damages liability for prosecuting actions on behalf of the State or defending the State in suits brought against it.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Further, CRIPA applies to the United States Attorney General, not state attorneys general.  Even if it or a similar requirement applied to the AG, plaintiff has failed to establish a credible prima facie claim that he is being subjected to "egregious or flagrant conditions" in violation of federal law.

---

> of such rights . . . the Attorney General, for or in the name of the United States, may institute a civil action . . . against such party for such equitable relief as may be appropriate . . . .

The undersigned also finds that the complaint fails to allege that plaintiff was under imminent danger of serious physical injury, and thus that plaintiff is entitled to in forma pauperis status. Even if the complaint supported such a finding, in forma pauperis status would be unwarranted based on the court's finding that this action is frivolous.

Finally, the undersigned finds that amendment of the complaint would be futile. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant is entitled to notice of the deficiencies in his complaint with leave to amend unless the deficiencies cannot be cured by amendment). The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable federal claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). The court notes that since 2010 plaintiff has filed in this court 12 habeas cases and 40 civil rights cases; all but the instant case have been closed. For these several reasons, the undersigned will recommend the dismissal of this action with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is denied for the reasons set forth above; and

2. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE